PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DENZEL SPURLING,      )
             )  CASE NO. 4:19CV2872
    Plaintiff,     )
             )
    v.       )  JUDGE BENITA Y. PEARSON
             )
TRINITY SERVICES GROUP, INC.,  )
             )  **MEMORANDUM OF OPINION AND**
    Defendant.    )  **ORDER** [Resolving ECF No. 5]
             )

    Pending is Defendant Trinity Services Group, Inc.'s motion to dismiss for failure to state a claim. ECF No. 5. Plaintiff has not filed a response and the time to do so has expired. For the reasons stated below, Defendant's motion is granted.

## I. Background

*Pro se* Plaintiff Denzel Spurling, an inmate in the Northeast Ohio Corrections Center ("NEOCC"), filed his Complaint against Defendant Trinity Services Group, Inc. ("Trinity" or "Defendant") in the Mahoning County Court of Common Pleas. ECF No. 1-1. Trinity removed the action to federal court (ECF No. 1) and filed its motion to dismiss (ECF No. 5).

    In the Complaint, Plaintiff alleges that Trinity is under contract with the State of Ohio to provide food service at NEOCC and has a license requiring that it provide sanitary meals. ECF No. 1-1 at 5, PageID #: 9, ¶¶ A, B. Plaintiff alleges he became seriously ill after he ate food containing beatles at NEOCC on June 20, 2019. He also complains he has yet to receive proper

medical treatment for illness he has experienced as a result of eating the contaminated food.  *Id.* *at PageID #: 7-8*.

Although Plaintiff asserts in his Complaint that "Trinity breached a duty as contracted by state policy rules and regulations" regarding sanitation and inspection (*id.* at PageID #: 10, ¶ C) and has labeled his complaint as a "state tort claim," the only specific claims he alleges in his complaint are "First and 8th Amendment" violations.  *Id.* at PageID #: 13.  He seeks $250,000 in damages.  *Id.* at PageID #: 15.

## II.  Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim on which relief can be granted.  In order to survive a dismissal for failure to state a claim, a "complaint must present 'enough facts to state claim to relief that is plausible on its face'" when its allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Further, although *pro se* pleadings are entitled to liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  Even a *pro se* complaint must set forth allegations sufficient to state a claim to relief that is plausible on its face in order to survive a dismissal for failure to state a claim.  *See Barnett v. Luttrell*, 414 F. App'x 784,  786 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. Discussion

In its motion, Defendant construes Plaintiff's Complaint as asserting constitutional claims under the First and Eighth Amendments and argues that Plaintiff has alleged no plausible claim against it for such violations under 42 U.S.C. § 1983.  In particular, Trinity argues: (1) it is not a state actor; (2) Plaintiff's allegations are insufficient to support claims against Trinity for violations of either the First or Eighth Amendments; and (3) Plaintiff has not demonstrated that he has exhausted his administrative remedies as required.  *See* ECF No. 5-1 at  PageID #: 46-52.

 Although the Court does not agree with Trinity's position that it cannot be deemed a state actor in the alleged circumstances (*see, e.g.*, *Horn v. Hunt*, Case No. 2: 15-CV-220, 2015 WL 5873290, at *5 (S.D. Ohio Oct. 8, 2015) (holding that private food service company hired by Ohio prisons could be a state actor under § 1983)), the Court finds that Plaintiff's Complaint fails to allege any plausible claim against Trinity under § 1983.

Even liberally construed, Plaintiff's allegations do not plausibly suggest that Trinity caused the Plaintiff to suffer a cognizable deprivation under either the First or Eighth Amendments.  There are no allegations in Plaintiff's Complaint plausibly implicating the First Amendment.  And Plaintiff's allegations that he was served contaminated food in one instance at NEOCC do not characterize the kind of extreme deprivation required to make out an Eighth Amendment conditions claim in the prison context.  Courts have consistently held that isolated incidents of foreign bodies, including rodents and insects, surfacing in connection with the food served to prisoners, as the Plaintiff alleges here, is not an Eighth Amendment violation.  *See* *Smith v. Younger*, No. 985482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (affirming district

court's dismissal of plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter); *Tucker v. Rose*, 955 F. Supp. 810, 815-16 (N.D. Ohio 1997).  Further, Plaintiff has not set forth allegations plausibly suggesting that Trinity was responsible for, or any way involved in, his medical care.

Because Plaintiff does not plausibly allege a constitutional deprivation caused by Trinity, it is subject to dismissal under Fed. R. Civ. P. 12(b)(6).  Plaintiff has not disputed Trinity's position that the Complaint alleges only constitutional claims under § 1983, and the Court will not construe Plaintiff's pleading as asserting any other claims.  While courts must actively interpret *pro se* pleadings, they are not obligated to conjure allegations on a *pro se* litigant's behalf.  *Erwin v. Edwards*, 22 F. App'x 579, 580, 2001 WL 1556573, at *1 (6th Cir. 2001); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is granted and this action is dismissed.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


   April 14, 2020                      */s/ Benita Y. Pearson*          
Date                                      Benita Y. Pearson
                                        United States District Judge